BOYD, Justice,
concurring in part and dissenting in part.
I concur with the revision of Rule of Juvenile Procedure 8.300, pertaining to the appointment of guardians ad litem to assist children in court proceedings that relate to children. I dissent, however, from the Court’s promulgation of new Rule 8.170(a)(3)(i). I fully appreciate the arguments of the proponents of this rule, that it is intended to fill an unfortunate gap in the juvenile courts’ powers. I stand firm in the belief, however, that only the legislature has the authority to fill the gap and grant the courts this much-needed additional power. The new rule purports to grant the *1006 court the power to treat an incompetent child, who is not so mentally deficient as to be subject to hospitalization, as a dependent child. However, dependency, like delinquency, is a substantive legal concept which only the legislature may define. The proponents of the rule are attempting to get around the legislature’s failures by asking this Court to legislate. In a well Mentioned but unfortunate move, the Court today accedes to that request. I would reject the proposed rule and tell the highly dedicated participants in the juvenile justice system who proposed it to seek substantive law reform from the legislature.